# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DESALEGN SISAY, et al. | ) | CASE NO.  1:07 CV 3128 |
| | ) | |
| PLAINTIFFS | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| RICKY D. SMITH, et al. | ) | PRELIMINARY INJUNCTION |
| | ) | ORDER |
| | ) | |
| DEFENDANTS | ) | |

This matter is before the Court upon the Motion of Plaintiffs, Desalegn Sisay ("Sisay"), Karmir Sing ("Sing"), Abdi Omar ("Omar"), Harjit Dhillon ("Dhillon") and Jasbir Rondhawa ("Rondhawa") and ABC Taxi, Airport Taxi, USA Taxi, and United Cab Company. (Dkt. #1).

## I. BACKGROUND

On November 20, 2007, the Court granted Plaintiffs a preliminary injunction enjoining Defendant City of Cleveland from interfering with Plaintiffs' right to provide outgoing taxicab service at Cleveland Hopkins International Airport ("Hopkins"). (Dkt. # 20). A hearing was then held on Tuesday, November 27, 2007, at 1:30 pm to determine the appropriate remedy. Notwithstanding the Court's decision on November 20 that Plaintiffs are entitled to participate in the bidding process, City of Cleveland, through law director Robert Triozzi, demonstrated an unwillingness at the November 27, 2007, hearing

to reach a solution that incorporates the Plaintiff minority cab companies.[1] The Court finds the City of Cleveland's newfound unbending position lacks candor, considering the fact that the City of Cleveland was willing to reconsider its initial decision to award the contract solely to Ace.

## II. REMEDY

As discussed in the Court's previous order granting the injunction, Plaintiffs have set forth sufficient evidence to justify the imposition of injunctive relief in this case. (Dkt. # 26). Specifically, Plaintiffs allege that the City of Cleveland deprived them of property interests without due process in violation of the Fourteenth Amendment because prior to the implementation of the new system on October 9, 2007, the licenses purchased by Plaintiff cab companies from the City of Cleveland permitted Plaintiffs to provide taxi service within the City limits and contained no restrictions on providing taxi service to and from Hopkins. See Brookpark Entertainment v. Taft, 951 F. 2d 710 (6th Cir. 1991) (holding that an Ohio liquor licensee has a claim to its continuation); Baja Contractors v. Chicago, 830 F.2d 667 (7th Cir. 1987); Altenheim v. Turnock, 902 F.2d 582 (7th Cir. 1990); Magnum Towing & Recovery, LLC v. City of Toledo, 430 F. Supp. 2d 689, 697 (D. Ohio 2006).

---

[1] Of the seven cab companies in Cleveland, the four Plaintiff cab companies are the "minority"– in both the numerical sense, and by virtue of the fact that they are the only companies wholly owned by first generation immigrants. In fact, following the scheduled 9:00 a.m. meeting on September 11, 2006, Smith held a separate meeting at 11:00 a.m. with the Plaintiffs because he felt that "minority owned businesses do not feel comfortable sharing some of the concerns and challenges that they have in the presence of majority business owners." (Prelim. In. Transcript, p. 144).

Plaintiffs also allege that the minimum qualifications in the Request For Proposal ("RFP") violate the Equal Protection Clause of the Fourteenth Amendment because they arbitrarily discriminate against the owners of the smaller taxicab companies.  See Romer v. Evans, 517 U.S. 620, 631, 134 L. Ed. 2d 855, 116 S. Ct. 1620 (1996) (holding that a legislative enactment must bear "a rational relation to some legitimate end" to survive an equal protection challenge); Gustafson v. City of Lake Angelus, 76 F.3d 778, 790-01 (6th Cir. 1996) (applying rational-basis review in a substantive due process challenge to a legislative act).  The essence of both counts is the claim that no rational relationship exists between the terms of the RFP and a legitimate governmental purpose.

City of Cleveland did not articulate any such rational relationship, other than to summarily conclude that the Hopkins Taxi Service Ordinance and RFP were necessary to regulate the number of taxis at the airport and to ensure quality.  The Court acknowledges the stated problems with taxi service at the airport and does not dispute the rationale for capping the number of permits to provide outbound taxi service at 75.  These proffered reasons, however, do not justify imposing arbitrary minimum qualifications that exclude the four minority companies from the bidding process and preventing them from using their licenses as they were purchased from the city on the previous licensing scheme.  As long as the minority companies can establish stability, reliability, and ability to meet the City of Cleveland's goals for providing taxi service from Hopkins, they should be allowed to participate in the bidding process.

**III. CONCLUSION**

The Court finds that the bidding process and RFP established by Defendant City of Cleveland violates the Fourteenth Amendment. Plaintiffs have set forth sufficient evidence to justify the imposition of injunctive relief. Therefore, the Court orders that a preliminary injunction shall issue allowing Plaintiffs to pick up outbound passengers at Hopkins, restoring the status quo prior to the implementation of the new system on October 9, 2007, until further order of the Court.

This preliminary injunction shall take effect upon the Plaintiffs' filing of security in the amount of $100,000 pursuant to Rule 65(c) of FRCP.

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus - November 29, 2007**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**